Dear Mr. Newport:
Former Commissioner Larry Murray requested the opinion of this office concerning his authority, in connection with his regulatory and licensing authority over collection agencies, to order collection agencies to refund service charges exceeding the maximum set forth in La. R.S. 9:2782. That statute permits the payee of a check returned for insufficient funds to charge the drawer a service charge not exceeding fifteen dollars or five percent of the face amount of the check, whichever is greater. He stated that examiners from the Office of Financial Institutions have discovered that in connection with recovery of sums represented by returned checks for their clients, certain debt collection agencies are collecting service charges in excess of that provided in the statute.
The Collection Agency Regulation Act, La. R.S. 9:3576.1, etseq., provides for the licensing and regulation of collection agencies operating in Louisiana. The policy of the state in that regard is set forth at La. R.S. 9:3576.2, as follows:
 It is declared to be the policy of this state to regulate the licensing, operations and practices of collection agencies and debt collectors to protect the welfare of its citizens.
The Collection Agency Regulation Act requires the commissioner of financial institutions to promulgate regulations to implement the provisions of the Act. La. R.S. 9:3576.4. The legislature included very minimal direct regulation of collection agencies in the act itself. It prohibits acting or advertising as a collection agency without first obtaining a license from the commissioner of financial institutions. La. R.S. 9:3576.8. It requires licensees to post a bond or other security (La. R.S. 9:3576.15), to maintain certain business records (La. R.S. 9:3576.17), and to maintain a trust fund account (La. R.S. 9:3576.18). Because the Act itself contains so little direct regulation of collection agency operations and practices, it seems clear that the legislature intended the commissioner of financial institutions to promulgate regulations implementing the stated policy ". . . to regulate the licensing, operations and practices of collection agencies and debt collectors. . ." The recovery of debts represented by returned checks by collection agencies is certainly an operation or practice within the scope of the statement of policy, and therefore within the scope of legitimate regulatory authority delegated to the commissioner of financial institutions. Consequently, we are of the opinion that pursuant to properly adopted regulation, the commissioner of financial institutions may order collection agencies to return service charges exceeding the maximum set forth in La. R.S. 9:2782. The fact that La. R.S. 9:2782 provides a remedy to the debtor for violations does not prevent the commissioner from promulgating a regulation requiring return of excess service charges. See, La. R.S. 9:3576.7.
We trust this opinion provides you with the necessary information to satisfy your query. Should you have further questions, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ RANDALL A. KARR ASSISTANT ATTORNEY GENERAL
Date Received: Date Released:
Randall A. Karr Assistant Attorney General